IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

UNITED STATES OF AMERICA,

Plaintiff,

v. Cr. No. 04-10097-T

DEMETRIUS VAN CROCKER,

Defendant.

---

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

---

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, defendant by and through undersigned counsel, hereby requests that the following jury instructions be given to the jury as part of the Court's charge.

Respectfully submitted,

STEPHEN B. SHANKMAN
FEDERAL PUBLIC DEFENDER

s/Randolph W. Alden
RANDOLPH W. ALDEN
(Ohio Bar# 0061174)
Assistant Federal Defender
200 Jefferson Avenue, Suite 200
Memphis, TN 38103
(901) 544-3895

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1**

**"Other Acts" Evidence**

You have heard testimony that the defendant committed acts other than the ones charged in the indictment. If you find the defendant did those acts, you can consider the evidence only as it relates to the government's claim on the defendant's intent, preparation, plan, knowledge, absence of mistake, or absence of accident. You must not consider it for any other purpose.

Remember that the defendant is on trial here only for the charges in the indictment, not for the other acts. Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

Authority:

Pattern Criminal Jury Instructions: Sixth Circuit
2005 Edition
Chapter 7.00 Special Evidentiary Matters
7.13 Other Acts of Defendant

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2**

**Attempt – Basic Elements**

Count 1 of the indictment accuses the defendant of attempting to commit the crime of acquiring, receiving and possessing a chemical weapon in violation of federal law. For you to find the defendant guilty of this crime, you must be convinced that the government has proved both of the following elements beyond a reasonable doubt:

First, that the defendant intended to commit the crime of acquiring, receiving and possessing a chemical weapon.

And second, that the defendant did some overt act that was a substantial step towards committing the crime of acquiring, receiving and possessing a chemical weapon.

Merely preparing to commit a crime is not a substantial step. The defendant's conduct must go beyond mere preparation, and must strongly confirm that he intended to of acquiring, receiving and possessing a chemical weapon.

But the government does not have to prove that the defendant did everything except the last act necessary to complete the crime. A substantial step beyond mere preparation is enough.

If you are convinced that the government has proved both of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about either one of these elements, then you must find the defendant not guilty.

Authority:

Pattern Criminal Jury Instructions: Sixth Circuit
2005 Edition
Chapter 5.00 Attempts
5.01 Attempts – Basic Elements

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3**

**Expert Testimony**

You have heard the testimony of Dr. Frederick Steinberg, and [insert names of government witnesses], expert witnesses. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You do not have to accept an expert's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

Authority:

Pattern Criminal Jury Instructions: Sixth Circuit
2005 Edition
Chapter 7.00 Special Evidentiary Matters
7.03 Expert Testimony

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4**

**Testimony of a Paid Informant**

You have heard the testimony of Lynn Adams. You have also heard that he may receive money from the government in exchange for participating in the investigation and prosecution of Mr. Crocker.

The use of paid informants is common and permissible. But you should consider Lynn Adam's testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by what the government gave him.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

Authority:

Adapted from:
Pattern Criminal Jury Instructions: Sixth Circuit
2005 Edition
Chapter 7.00 Special Evidentiary Matters
7.06A Testimony of Paid Informant

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5**

**Entrapment**

One of the questions in this case is whether the defendant was entrapped.

Entrapment has two related elements. One is that the defendant was not already willing to commit the crime. The other is that the government, or someone acting for the government, induced or persuaded the defendant to commit it.

If the defendant was not already willing to commit the crime prior to first being approached by government agents or other persons acting for the government, and the government persuaded him to commit it, that would be entrapment. But if the defendant was already willing to commit the crime prior to first being approached by government agents or other persons acting for the government, it would not be entrapment, even if the government provided him with a favorable opportunity to commit the crime, or made the crime easier, or participated in the crime in some way.

It is sometimes necessary during an investigation for a government agent to pretend to be a criminal, and to offer to take part in a crime. This may be done directly, or the agent may have to work through an informer or a decoy. This is permissible, and without more is not entrapment. The crucial question in entrapment cases is whether the government persuaded a defendant who was not already willing to commit a crime to go ahead and commit it.

The government has the burden of proving beyond a reasonable doubt that the defendant was already willing to commit the crime prior to first being approached by government agents or other persons acting for the government. Let me suggest some things that you may consider in deciding whether the government has proved this:

(A) Ask yourself what the evidence shows about the defendant's character and reputation.

(B) Ask yourself if the idea for committing the crime originated with or came from the government.

(C) Ask yourself if the defendant took part in the crime for profit.

(D) Ask yourself if the defendant took part in any similar criminal activity with anyone else before or afterwards.

(E) Ask yourself if the defendant showed any reluctance to commit the crime and, if he did, whether he was overcome by government persuasion.

(F) And ask yourself what kind of persuasion and how much persuasion the government used.

Consider all the evidence, and decide if the government has proved that the defendant was already willing to commit the crime. Unless the government proves this beyond a reasonable doubt, you must find the defendant not guilty.

Authority:

Pattern Criminal Jury Instructions: Sixth Circuit
2005 Edition
Chapter 6.00 Defenses
6.03 Entrapment

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6**

**Defendant's Theory of the Case**

It is Mr. Crocker's theory of the case that he was not already willing to commit the crimes charged in counts 1 - 4 of the indictment. It is further Mr. Crocker's theory that the government, or someone acting for the government, induced or persuaded him to commit the crimes charged in counts 1 - 4 of the indictment.

Finally, it is Mr. Crocker's theory of the case that he did not possess a combination of parts designed and intended for use in converting a device into a destructive device, and from which a destructive device may be readily assembled as charged in count 5 of the indictment.

Authority:

Pattern Criminal Jury Instructions: Sixth Circuit
2005 Edition
Chapter 6.00 Defenses
6.01 Defense Theory

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7**

**Summaries and Other Materials Not Admitted in Evidence**

During the trial you have seen counsel use [summaries, charts, drawings, calculations, or similar material] which were offered to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any facts.

Authority:

Pattern Criminal Jury Instructions: Sixth Circuit
2005 Edition
Chapter 7.00 Special Evidentiary Matters
7.12 Summaries and Other Materials Not Admitted in Evidence

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8**

**Transcriptions of Audio and Video Recordings**

You have heard some audio recordings and viewed a video recording that were received in evidence, and you were given some written transcripts of them.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The audio and video themselves are the evidence. If you noticed any differences between what you heard on these items and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the items, you must ignore the transcripts as far as those parts are concerned.

Authority:

Adapted from:
Pattern Criminal Jury Instructions: Sixth Circuit
2005 Edition
Chapter 7.00 Special Evidentiary Matters
7.17 Transcriptions of Tape Recordings

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Defendant's Request for Jury Instructions has been forwarded via the Court's electronic filing system to Mr. Fred Godwin, Assistant U.S. Attorney, 167 N. Main, Suite 800, Memphis, TN 38103.

**THIS** the 11th day of April, 2006.

s/ Randolph W. Alden
Assistant Federal Defender