IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                              Cr. No.  04-10097-T

DEMETRIUS VAN CROCKER,

        Defendant.

---

**SENTENCING MEMORANDUM
REQUEST FOR DOWNWARD DEPARTURE AND
POSITION OF DEFENDANT WITH
REGARD TO SENTENCING FACTORS**

---

        Comes now the defendant, Demetrius Van Crocker, through appointed counsel, pursuant to Rule 32 of the Federal Rules of Criminal Procedure and Local Criminal Rule 32.1, and submits the following with respect to sentencing in this case.

**I.    Defense Counsel Certification**

        Counsel received Mr. Crocker's presentence investigation report on or about June 14, 2006 and received the Addendum on July 5, 2006.  Pursuant to Loc. Crim. R. 32.1(c), counsel forwarded defendant's objections, in writing, to the probation officer assigned to this case on or about October 16, 2006.  There are a number of factual and legal objections to the PSR which have not been resolved and, will not, in all likelihood, be resolved prior to the sentencing hearing in this case.

## II. The Sentencing Hearing

Counsel anticipates calling possibly 3 - 4 witnesses during the sentencing hearing in this matter. The number of witnesses and the number of objections to the PSR makes it probable that the hearing will last more than thirty minutes.

## III. Sentencing Factors in Dispute

### A. Factual Objections.

Mr. Crocker objects to certain factual allegations contained in the report, specifically, the allegations contained in ¶¶9 - 14 and 31.

The allegations set forth in ¶¶9-14, and 31 do not contain a sufficient factual basis for the Court to determine whether Mr. Crocker, in fact, was anything more than an exaggerator who was trying to impress people in order to fit in. It is clear that a number of the claims Mr. Crocker made were not true. Furthermore, at no time did Mr. Crocker possess a pipe bomb as alleged in ¶14. Mr. Crocker was only charged with, and convicted of, possessing a combination of parts, that, when combined would be a pipe bomb in Count 5 of the Indictment . Finally, a careful review of the facts in this case illustrates that Mr. Crocker never engaged in any conduct evidencing an intent to injure the United States nor an ability to carry out any threat to use the chemical weapon that he was convicted of attempting to acquire.

Mr. Crocker also objects to ¶56 because he no longer has any interest in the property listed in this paragraph. In ¶60, the property is located on "Sydnor" Road and not "Synor" Road. In ¶66, Mr. Crocker asserts that at no time did he possess sufficient assets to pay a minimum fine because the property was collateralized to such an extent that Mr. Crocker had little to no equity in the property at the time it was transferred to family members.

B.  **Legal Objections.**

Mr. Crocker also objects to several of the legal conclusions and application of the sentencing guidelines in this case. Specifically, Mr. Crocker objects to ¶19 and the base offense level of 42 under U.S.S.G. §2M6.1(a)(1)(A). As set forth above, the evidence in this case establishes that Mr. Crocker neither had the intent nor the ability to injure the United States. Accordingly, Mr. Crocker's base offense level should be level 20 pursuant to U.S.S.G. §2M6.1(a)(4)(B) because, although the offense involved a threat to use a chemical weapon, the offense did not involve any conduct evidencing an intent or ability to carry out the threat.

Additionally, Mr. Crocker objects to ¶21 of the PSR and the application of U.S.S.G. §3A1.4 and the 12 level enhancement for "a felony that involved, or was intended to promote, a federal crime of terrorism." First, if Mr. Crocker's base offense level is 42 under U.S.S.G. §2M6.1(a)(1)(A), and U.S.S.G. §3A1.4 does apply, then the maximum offense level is 43. Application Note 2 to Chapter 5, Part A of the U.S.S.G. states:

> 2.  In rare cases, a total offense level of less than 1 or more than 43 may result from application of the guidelines. A total offense level of less than 1 is to be treated as an offense level of 1. **An offense level of more than 43 is to be treated as an offense level of 43.**

Second, U.S.S.G. §3A1.4 does not apply to Mr. Crocker's case because the evidence at trial failed to show that Mr. Crocker was involved in a "federal crime of terrorism" as set forth in 18 U.S.C. §2332b(g)(5)(B). Under this statute, a "federal crime of terrorism" is defined as a listed offense that was calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct. The evidence in this case clearly showed that Mr. Crocker's actions were not calculated to influence or affect the conduct

3

of the government by intimidation or coercion or to retaliate against government conduct.  Mr. Crocker had no specific plan to take any action with those items he has been convicted of either possession or attempting to acquire.  Furthermore, the evidence clearly shows that Mr. Crocker repeatedly stated that he wanted to wait until the time was right, was concerned how long the material would last, how it was supposed to be stored, and stated that he may use it to "strike a blow" at some unspecified time against an unspecified target.  Any discussion of a courthouse, congress or any other governmental body clearly did not involved any specific "federal crime of terrorism."  Accordingly, this enhancement should not apply.

Finally, because U.S.S.G. §3A1.4 does not apply in this case, Mr. Crocker's criminal history category should remain at I.

Based on all of these objections, Mr. Crocker's total offense level should be level 20, Criminal History Category I, which equals an advisory guideline range of 33 - 41 months.

**IV.**     **Defendant's Position as to Sentencing**

The following is provided to the Court with respect to Defendant's position as to sentencing in this matter.  Defendant hereby sets forth all factors which the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

**A.**     **Principles of Sentencing**

As this Court is aware, in sentencing a defendant, courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a).  In a thoughtfully worded concurrence in United States v. Martin, 438 F.3d 621 (6th Cir. 2006), Judge Martin explained the District Court's duty with respect to sentencing as follows:

4

> We have stated that "[o]nce the appropriate advisory Guideline range is calculated, the district court throws this ingredient into the section 3553(a) mix." United States v. McBride, 434 F.3d 470, 476 (6th Cir.2006); 18 U.S.C. § 3553. Prior to Booker, sentences outside of the Guideline range were severely limited; now, "with greater latitude" a "district court need only consider [the Guideline range] along with its analysis of the section 3553(a) factors." Id.
>
> Now that section 3553(a) is the focal point, and the Guidelines sentence is merely advisory, the fact that the district court calculated Martin's criminal history score to be seven based on its separate counting of his four car thefts, is "not the end of the sentencing inquiry; rather, it is just the beginning." Id.; see also United States v. Mickelson, 433 F.3d 1050, 1055 (8th Cir.2006) ( "As we recognized in United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir.2005), calculation of the appropriate guideline sentence is only the first step in sentencing decisions under Booker, for the court must also consider the § 3553(a) factors before making its ultimate determination." ). Section 3553(a) instructs district courts to impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth in section 3553(a).

United States v. Martin, 438 F.3d 621, 641 (6th Cir. 2006).

Furthermore, the Sixth Circuit has succinctly addressed the duties of the District Court when imposing a sentence. In United States v. Montanez, 442 F.3d 485, 494 (6th Cir. 2006), the Court stated:

> On remand, the district court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of 18 U.S.C. §3553(a). See also United States v. Richardson, 437 F.3d 550, 553-54 (6th Cir.2006) ("We emphasize the obligation of the district court in each case to communicate clearly its rationale for imposing the specific sentence. Where a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for [accepting or] rejecting it."); Foreman, 436 F.3d at 644 n. 1 ("It is worth noting that a district court's job is not to impose a 'reasonable' sentence. Rather, a district court's mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2). Reasonableness is the appellate standard of review in judging whether a district court has accomplished its task."); United States v. Jackson, 408

>  F.3d 301, 305 (6th Cir.2005) (reaffirming that "we as an appellate court must still have the articulation of the reasons the district court reached the sentence ultimately imposed"); United States v. Webb, 403 F.3d 373, 383 (6th Cir.2005) ("Post- Booker we continue to expect district judges to provide a reasoned explanation for their sentencing decisions in order to facilitate appellate review.").

Thus, as noted by Judge Martin and as noted in United States v. Montanez, the primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Title 18 U.S.C. §3553(a)(2) states that such purposes are:

>  (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>  (B)  to afford adequate deterrence to criminal conduct;
>  (C)  to protect the public from further crimes of the defendant; and
>  (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (3) the kinds of sentences available; (6) the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

Moreover, the remedial majority in United States v. Booker 543 US 220, 245-268 (2005), directed courts to consider all of the §3353(a) factors, many of which the guidelines either reject or ignore.  For example, under § 3553(a)(1) a sentencing court must consider the "history and characteristics of the defendant."  But under the guidelines, courts are generally forbidden to consider the defendant's age, U.S.S.G. § 5H1.1, his education and vocational skills, § 5H1.2, his

mental and emotional condition, § 5H1.3, his physical condition including drug or alcohol dependence, § 5H1.4, his employment record, § 5H1.5, his family ties and responsibilities, § 5H1.6, his socio-economic status, § 5H1.10, his civic and military contributions, § 5H1.11, and his lack of guidance as a youth, § 5H1.12.  The guidelines' prohibition against considering these factors cannot be squared with the § 3553(a)(1) requirement that the court evaluate the "history and characteristics" of the defendant.  The only aspect of a defendant's history that the guidelines permit courts to consider is criminal history.  Thus, in cases in which a defendant's history and character are positive, consideration of all of the § 3553(a) factors might call for a sentence outside the guideline range.

Further, § 3553(a)(2)(D) requires a sentencing court to evaluate the need to provide the defendant with education, training, treatment or medical care in the most effective manner.  This directive might conflict with the guidelines, which in most cases offer only prison.  See U.S.S.G. § 5C1.1 (describing limited circumstances in which court can impose sentence other than imprisonment).  In some cases, a defendant's educational, treatment or medical needs may be better served by a sentence which permits the offender to remain in the community.

Finally, § 3553(a)(7) directs courts to consider "the need to provide restitution to any victims of the offense."  In many cases, imposing a non-custodial sentence or only a short period of imprisonment will best accomplish this goal by allowing the defendant to work and pay back the victim.  The guidelines do not account for this arrangement.  In sum, in every case, a sentencing court must now consider <u>all</u> of the § 3553(a) factors, not just the guidelines.  And where the guidelines conflict with other factors set forth in § 3553(a), the court will have to resolve the conflicts.

B.     **Application of Principles to the Defendant**

In the present case, the defendant respectfully submits that the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

1.     **The Nature and Circumstances of the Offense and the History and Characteristics of the Offender**

**(a) Nature and Circumstances of Offense**

It is clear that the instant offense is serious and cannot be taken lightly. However, the offense itself must not be considered in a vacuum.

**(b) History and Characteristics of the Defendant**

Mr. Crocker has no serious adult criminal history. Mr. Crocker's personal and family data are set forth in ¶¶34 - 53 of the PSR. As noted in these paragraphs, Mr. Crocker had a difficult upbringing. Mr. Crocker has suffered financially and personally as a result of this matter. Mr. Crocker has also had some serious mental and emotional health problems in his life.

**(1)     Mr. Crocker has family responsibilities.**

Mr. Crocker's children rely on him for financial support. PSR ¶38. There has never been a *per se* rule precluding the consideration of family circumstances or parental responsibilities in determining a sentence under the previous mandatory sentencing guideline scheme. Section 5H1.6 of the United States Sentencing Guidelines provides that:

> Family ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range.

Every circuit court of appeals that considered this policy statement concluded that family

considerations were an appropriate basis for departing downward if the circumstances were extraordinary.  See United States v. Canoy, 38 F.3d 893, 906 (7th Cir. 1994) (citations omitted) (following "the other circuits [which] are unanimous in finding that section 5H1.6 permits departures from an imprisonment range to account for family circumstances in an extraordinary case.").  See also United States v. Fletcher, 15 F.3d 553, 557 (6th Cir. 1994)  (finding family responsibilities, in combination with other factors, to be a sufficient basis for downward departure).

Mr. Crocker submits that under the now advisory sentencing guideline scheme, a defendant no longer has to show that family circumstances or parental responsibilities are extraordinary.  Now, this Court must consider family circumstances and must consider parental responsibilities under 18 U.S.C. §3553(a).

**(2)    Mr. Crocker led a crime-free life until age 39.**

Mr. Crocker has no criminal history points and is a criminal history category of I.  PSR ¶¶28 - 33.  Mr. Crocker is now 41 years old.  PSR p. 2.  He was 39 at the time of this offense.

Under the previous guidelines, "age [by itself] is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." U.S.S.G. §5H1.1.  However, Mr. Crocker submits that the length of time a person refrains from the commission of crimes, which is invariably tied to a person's age, is a factor that is critical to this Court's determination of the sentence it should impose.  Previously, under the mandatory guideline regime, at least one district court departed downward because of the guidelines' failure to consider this factor.  United States v. Ward, 814 F.Supp. 23 (E.D.Va. 1993).  In the Ward case, the district court calculated a guideline level of 45.  The defendant had only four minor traffic

9

violations in his criminal history. He had no other arrests or juvenile or adult convictions. A guideline level of 45 called for the imposition of a life sentence. However, the district court did not impose a life sentence, and instead departed downward and sentenced the defendant to an aggregate 300 months, due to the defendant's crime free life until the age of 49. The district court stated:

> While awarding defendants generally and this defendant individually some credit for leading relatively crime-free lives, the Criminal History Category of the Sentencing Guidelines does not account for the length of time a particular defendant refrains from criminal conduct. Thus, for example, the guidelines do not distinguish between a nineteen-year-old and a sixty-year-old, both of whom have led crime-free lives and consequently are assigned the same low Criminal History Category. In other words, the nineteen-year-old and the sixty-year-old receive the same credit under the Sentencing Guidelines for their criminal history, because the longevity of the sixty-year-old's criminal history is not taken into account.

United States v. Ward, 814 F.Supp. 23 (E.D.Va. 1993).

Similarly, Mr. Crocker is facing the same draconian sentence for an attempted crime and yet has led a relatively crime free life until these convictions at the age of 41. Furthermore, the PSR suggests the possibility that Mr. Crocker's criminal history category of VI, as calculated in the PSR, may substantially over-represent the seriousness of his criminal history under U.S.S.G. §4A1.3(b)(1). Mr. Crocker submits that under the now advisory sentencing guideline scheme, this Court must consider the length of his crime free life in determining his sentence under 18 U.S.C. §3553(a).

**(3)     Mr. Crocker has already been punished sufficiently by Collateral Consequences.**

As a result of his conviction, Mr. Crocker has suffered a number of losses. First, he has lost a paying job that provided for his family. Since that time, he has been incarcerated and it has

been impossible for him to provide for his family.  In addition, Mr. Crocker's felony conviction will most likely prevent him from getting jobs in the future.

In <u>United States v. Samaras</u>, 390 F.Supp.2d 805, 809 (E.D.Wis. 2005), the defendant was convicted of fraud, yet the District Court sentenced the defendant below the guideline range.  The Court felt that this was warranted in part because "as a consequence of his conviction and sentence, defendant lost a good public sector job, another factor not considered by the guidelines."  <u>Id.</u>  In another case, <u>United States v. Redemann</u>, 295 F.Supp.2d 887, 894-97 (E.D.Wis. 2003), the District Court departed downward because the defendant suffered collateral consequences from his conduct including the loss of his business.  <u>Id.</u>

In this case, Mr. Crocker has suffered these same types of collateral consequences that not only impact him, but, more importantly, negatively impact his children.  Mr. Crocker submits that under the now advisory sentencing guideline scheme, this Court must consider the collateral consequences of his conviction under 18 U.S.C. §3553(a).

**2.      The Need for the Sentence Imposed To Promote Certain Statutory Objectives**

**(A)     reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense**

Mr. Crocker stands convicted of a number of serious violations of law.  There is no question that these offenses are serious.  Mr. Crocker understands that the advisory guideline range recommended in the PSR is life.

It is Mr. Crocker's position that, in light of the factors contained in 18 U.S.C. §3553(a) a sentence of 33 - 41 months is reasonable in that it reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for this offense.

**(B)**     **afford adequate deterrence to criminal conduct**

It is submitted that the proposed sentence will afford adequate deterrence to criminal conduct. Other defendants will know that if they commit this type of offense that they will lose their freedom.

**(C)**     **protect the public from further crimes of the defendant**

The proposed sentence will adequately protect the public from further crimes of the defendant. It is unlikely that Mr. Crocker will be a recidivist. It is more likely than not that Mr. Crocker will return to being a productive member of society.

**(D)**     **provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

It is submitted that the proposed sentence will provide Mr. Crocker with correctional treatment in the most effective manner. It is clear from the information contained in ¶¶36 - 47, that Mr. Crocker is in need of medical and mental health care.

**3.**     **The Kinds of Sentences Available**

In Booker, the Supreme Court severed and excised 18 U.S.C. § 3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range. Booker, 2005 WL 50108 at *16. This renders the sentencing guidelines advisory. Id. If the Court sustains Mr. Crocker's objections to the advisory guideline range, a custodial sentence of 33 - 41 months would, it is submitted, be the appropriate sentence in this case. If the Court does not sustain Mr. Crocker's objections, it is submitted that, recognizing all of the factors of this case, that the same custodial sentence of 33 - 41 months is an appropriate sentence.

**4.     The Sentencing Range Established by the Sentencing Commission**

Mr. Crocker understands that the advisory guideline range recommended in the PSR is life.

**5.     The Need To Avoid Unwarranted Disparities**

Counsel is not aware whether similarly situated defendants in this district have received sentences like that proposed for Mr. Crocker in this case. It is submitted that this proposed sentence will avoid unwarranted disparities between similarly situated defendants because it takes into account the facts of his particular case and all of the sentencing factors set forth in 18 U.S.C. §3553(a).

**6.     The need to provide restitution to any victims of the offense**

As noted in ¶94, restitution is not an issue in this case.

**V.     Conclusion**

For the foregoing reasons, Mr. Crocker respectfully submits that a sentence of 33 - 41 months is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

                                                                                                                 Respectfully submitted,

                                                                                                                 STEPHEN B. SHANKMAN  
                                                                                                                 FEDERAL PUBLIC DEFENDER

                                                                                                                 s/Randolph W. Alden  
                                                                                                                 RANDOLPH W. ALDEN  
                                                                                                                 (Ohio Bar# 0061174)  
                                                                                                                 Assistant Federal Defender  
                                                                                                                 200 Jefferson Avenue, Suite 200  
                                                                                                                 Memphis, TN 38103  
                                                                                                                 (901) 544-3895

CERTIFICATE OF SERVICE

    I, Randolph W. Alden, certify that a true copy of the foregoing Sentencing Memorandum Request for Downward Departure and Position of Defendant with Regard to Sentencing Factors was forwarded via the Court's electronic filing system to Mr. Fred Godwin, Assistant United States Attorneys, Suite 800, 167 North Main Street, Memphis, Tennessee, 38103.

    **THIS** the 17th day of October, 2006.

                                         s/ Randolph W. Alden
                                         Assistant Federal Defender